IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ISMAEL H. PADILLA, ) | |
| ID # 356764, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:11-CV-3509-M-BH |
| ) | |
| STUART JENKINS, Director, ) | |
| Board of Pardons and Paroles, ) | |
|     Defendant. ) | Referred for Pretrial Management |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be **DISMISSED** as frivolous.

**I. BACKGROUND**

Plaintiff sues Stuart Jenkins, the Director of the Texas Board of Pardons and Paroles (BPP), under 42 U.S.C. § 1983. He claims that he is being held unconstitutionally because he has essentially been made to serve his sentences in two cases a second time through a parole revocation and the denial of parole. (Complaint at 4, Brief at 2-4). He also claims that he has been denied parole because he refused to agree to sex offender registration and substance abuse treatment. (Compl. at 4). He seeks immediate release from jail, monetary compensation, and declaratory and injunctive relief. (Compl. at 4). No process has been issued in this case.

**II. PRELIMINARY SCREENING**

Plaintiff is a Texas prison inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his

complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. SECTION 1983

Plaintiff brings this action under § 1983, which "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under

color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A. Habeas Relief**

Plaintiff seeks release from imprisonment. (Compl. at 4; Magistrate Judge's Questionnaire "MJQ" Ans. 5). This is an inappropriate remedy in a § 1983 action. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A prisoner cannot challenge the fact or duration of confinement in a § 1983 action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487. Because Plaintiff may only obtain declaratory or monetary relief in this § 1983 action, he fails to state a cause of action upon which relief may be granted on his claim for release.[1]

**B. Official Capacity**

Plaintiff claims that he is suing the defendant in his official capacity as the BPP's director. (MJQ Ans. 1).

An official-capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As a division of the State of Texas' Department of Criminal Justice, the BPP is cloaked with Eleventh Amendment immunity. *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995). The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth.*

---

[1] Because Plaintiff also requests monetary relief and has clearly filed this action under § 1983, it will not be construed as a petition for a writ of habeas corpus.

*v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's claim for monetary damages against the defendant in his official capacity is therefore barred. *See Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000).

**C.  *Heck* Bar**

Plaintiff also seeks injunctive and declaratory relief from his allegedly unconstitutional incarceration as a result of his parole revocation and from the denial of parole several times. (Compl. at 4; MJQ Ans. 1, 3).

When a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, *Heck v. Humphrey* provides that the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. 512 U.S. 477, 486-87 (1994). *Heck* applies to claims seeking declaratory and injunctive relief as well as those seeking damages. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005) (accepting recommendation of Mag. J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997);

4

*Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998)).

*Heck* applies to challenges regarding the fact or duration of parole. *Littles v. Board of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (per curiam); *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) (per curiam). Because *Heck* applies to Plaintiff's claims, he must demonstrate that his allegedly improper incarceration has been reversed, invalidated, or expunged prior to bringing this action under § 1983. Because he has failed to make this showing, his claims under § 1983 for injunctive and declaratory damages are not cognizable at this time. The claim is "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to [] being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *see also Balisok*, 520 U.S. at 649. *Boyd v. Biggers*, 31 F.3d 279, 283-84 (5th Cir. 1994); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994).

### D. Sex Offender Registration and Substance Abuse Treatment

Finally, Plaintiff complains that his rights were violated because he was denied parole in "retaliation" for his refusal to register as a sex offender and enter substance abuse treatment. (Compl. at 4). He acknowledges, and the record reflects, that he was convicted of aggravated rape in 1983. (Compl. at 4; *see* www.dallascounty.org, F82-90756). Plaintiff contends, however, that he should not be subject to sex offender registration because he was convicted of a sex offense before 1996. (Brief at 3).

Texas inmates have no constitutionally protected right to parole because the relevant Texas statutes do not create an expectation of release that would implicate due process considerations. *Orellana v. Kyle,* 65 F.3d 29 (5th Cir.1995). Therefore, Texas parolees generally cannot complain

5

of the constitutionality of procedural devices, such as conditions of parole, attendant to parole decisions. *Morrison v. Brown*, 199 F.3d 438 (5th Cir. 1999), *citing Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The Fifth Circuit has recognized an exception for parolees who are required to register as sex offenders but who have never been convicted of a sex offense, finding that they are entitled to certain procedural due process because they have a liberty interest in being free from sex offender registration. *Meza v. Livingston*, 607 F.3d 392, 401-02 (5th Cir. 2010); *see also Coleman v. Dretke (Coleman I)*, 395 F.3d 216, 223-24 (5th Cir. 2004). The Fifth Circuit has also held that a parolee who has been convicted of a sex offense may be required to comply with sex offender parole conditions without any additional due process above and beyond the process he was afforded at his sex assault trial. *Jennings v. Owens*, 602 F.3d 652, 658-59 (5th Cir. 2010).

Plaintiff concedes, and the record reflects, that he was convicted of aggravated rape in 1983. He complains that he cannot be required to register as a sex offender as a condition of parole because his conviction occurred before 1996. In *Jennings*, the Fifth Circuit denied a similar claim where the plaintiff had been convicted of a sexual assault in 1979, but the specific sex offender conditions were not placed on him until 2005. *Id*. at 654. Plaintiff's claim that his constitutional rights were violated because he refused to register as a sex offender and enter substance abuse treatment is frivolous and should be dismissed.

### IV. RECOMMENDATION

The Court should **DISMISS** the complaint with prejudice as frivolous under 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B) until the plaintiff satisfies the conditions in *Heck v. Humphrey*, 512 U.S. 477 (1994). This dismissal will count as a "strike" or "prior occasion" within the meaning 28

6

U.S.C. § 1915(g).[2]

**SIGNED this 7th day of March, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.